```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANGELINE HERRERA,                                           :
                                                            :
                              Plaintiff,                    :
                                                            :       23-CV-677 (VSB)
               -against-                                    :
                                                            :           ORDER
                                                            :
RICARDO TORRES & MARIO BAUTISTA,                            :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

Plaintiff Angeline Herrera filed this action *pro se* on January 26, 2023. (*See* Doc. 1.) Plaintiff's complaint seeks "[m]onetary relief of at least $84,500" based on Defendants' allegedly "frivolous[]" wage-related lawsuit against Plaintiff and other parties in *Cajero Torres et al. v. Sushi Sushi Holdings Inc. et al.*, No. 19-CV-2532 (S.D.N.Y. filed Mar. 21, 2019) ("*Sushi Sushi*"). (Doc. 1 at 5.) The allegations in the complaint include that Defendants "falsely accused [Plaintiff] of" certain legal violations, "falsified facts," and "slandered [Plaintiff's] character" over the course of the *Sushi Sushi* lawsuit. (*Id.*) On May 30, 2023, I dismissed Plaintiff's claims without prejudice for defective service. (*See* Doc. 6.) On July 20, 2023, I reopened the case, as Plaintiff had not received my orders regarding service due to a change in address. (Doc. 10; *see also* Docs. 10, 11.) On October 20, 2023, Plaintiff submitted an affidavit of service for Defendant Mario Bautista. (Doc. 11.) On January 9, 2024, Plaintiff submitted an affidavit of service for Defendant Ricardo Torres. (Doc. 18.) On January 26, 2024, I directed Plaintiff to seek default in accordance with Rule 4(H) of my Individual Rules and Practices in Civil Cases. (Doc. 26.) Before me are Plaintiff's various submissions in support of a default judgment

1

against Defendants. (*See* Docs. 32, 37, 40–41.) Without commenting on the sufficiency of Plaintiff's submissions, I first address the preliminary question of this Court's subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In other words, to be entitled to any relief—including the default judgment sought here—Plaintiff must demonstrate that her case is the type of case that a federal court has the "power" to adjudicate. *Id.*; *see also Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its [subject-matter] jurisdiction." (internal quotation marks omitted)).

Plaintiff's handwritten *pro se* form complaint asserts that federal jurisdiction is proper under both 28 U.S.C. § 1331, "federal question" jurisdiction, and § 1332, "diversity of citizenship" jurisdiction. (*See* Doc. 1 at 2.) Plaintiff does not in fact assert any claim under federal law, however, so she must satisfy § 1332's requirements for diversity jurisdiction, which are that "the matter in controversy exceeds the sum or value of $75,000" and "complete diversity exist[ed] between the parties" at the time the complaint was filed. *Bracken*, 290 F. Supp. 3d at 262 (internal quotation marks omitted). Plaintiff's asserted damages exceed the amount-in-controversy requirement. As for diversity of citizenship, Plaintiff's complaint alleges that she is a citizen of New York and that Defendants are citizens of the foreign state of Mexico. (Doc. 1 at 2–3.) But "[a]n individual's citizenship, within the meaning of the diversity statute, is

2

determined by his domicile," which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted).  In the wage-related lawsuit on which Plaintiff's claims are based, Plaintiff did not dispute that Defendants Torres and Bautista (plaintiffs in the underlying action) were residents of New York, not Mexico.  *See* 2d Am. Compl., *Sushi Sushi*, No. 19-CV-2532 (S.D.N.Y. Oct. 9, 2019), ECF No. 37; Ans. to 2d Am. Compl., *Sushi Sushi*, No. 19-CV-2532 (S.D.N.Y. Nov. 12, 2019), ECF No. 38.[1]  And although the jury in that case found for Herrera because she was not Torres or Bautista's "employer," it also found that Torres worked as a food deliveryman in New York for over two-and-a-half years, and Bautista for about one year.  *See* Verdicts, *Sushi Sushi*, No. 19-CV-2532 (S.D.N.Y. Oct. 9, 2019), ECF Nos. 176–77.  Based on these jury findings and Plaintiff's *pro se* complaint, I find that Plaintiff has not adequately pled Defendants' domiciles and therefore has not established this Court's subject-matter jurisdiction.  In this circumstance, I may "allow a complaint to be amended to assert those necessary facts and then," if those facts are adequately pled, "treat diversity jurisdiction as having existed from the beginning." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001).

---

[1] I may look to matters outside the complaint to determine whether subject-matter jurisdiction is proper.  *See Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

Accordingly, it is hereby:

ORDERED that no later than February 28, 2025, Plaintiff shall submit an amended complaint or other pleading establishing the domicile of each Defendant at the time that this case was filed. If Plaintiff fails to comply with this order or otherwise demonstrate an intent to prosecute this action, I may dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at the address on file.

SO ORDERED.

Dated: January 23, 2025
New York, New York

*Vernon Broderick*

Vernon S. Broderick
United States District Judge